ALLEN CANNON, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 596, 2009.
Supreme Court of Delaware.
Submitted: February 12, 2010.
Decided: April 1, 2010.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 1st day of April 2010, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The defendant-appellant, Allen Cannon, filed an appeal from the Superior Court's September 24, 2009 order accepting in whole the August 11, 2009 report of the Superior Court Commissioner, which recommended that Cannon's motion for postconviction relief pursuant to Superior Court Criminal Rule 61 be denied.[1] We find no merit to the appeal. Accordingly, we affirm.
(2) In February 2007, Cannon was found guilty by a Superior Court jury of Reckless Endangering in the First Degree, Criminal Mischief and two weapon offenses in connection with the July 31, 2006 shooting of Terrence Dendy outside a store on Tenth Street in Wilmington, Delaware. He was sentenced to 5 years incarceration at Level V on each of the two weapon convictions and to probation on the remaining two convictions. This Court affirmed Cannon's convictions on direct appeal.[2]
(3) Cannon's claims in this appeal center on two out-of-court statements to police identifying Cannon as the shooter, which were admitted into evidence at his trial. The first statement was from the victim, Terrence Dendy. The second statement was from Terrence Dendy's father, Richard Dendy. The witnesses later recanted their identification of Cannon as the shooter and so testified at Cannon's trial. The jury chose to credit the witnesses' out-of-court statements rather than their live testimony, however, and found Cannon guilty of the charges against him.
(4) In this appeal, Cannon asserts several claims, which may fairly be summarized as follows: his trial attorney provided ineffective assistance by failing to a) object, under Del. Code Ann. tit. 11, §3507, to the State's introduction of the witnesses' statements at trial; b) request an instruction limiting the jury's consideration of the statements to weighing the witnesses' credibility; c) raise an objection to the statements based upon a violation of his rights under the Confrontation Clause; d) raise an objection to Richard Dendy's testimony regarding what he had heard from "people on the street" as hearsay; e) request precautionary instructions regarding the statements under Acosta v. State, 417 A.2d 373 (Del. 1980); f) arrange for a forensic investigation of the crime scene; and g) properly subpoena the evidence detection officer as a defense witness to testify that the shell casings found at the scene had not been tested for fingerprints.[3]
(5) In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[4] Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[5] The defendant must make concrete allegations of ineffective assistance, and substantiate them, or risk summary dismissal.[6]
(6) Cannon first claims that his trial counsel provided ineffective assistance by failing to object to the State's introduction of the witnesses' out-of-court statements. In order for an out-of-court statement to be admitted into evidence under §3507, the declarant must be available to testify, both on direct examination and on cross-examination, concerning the events perceived and the statement itself.[7] Because the record reflects that Terrence and Richard Dendy both testified on direct and cross-examination concerning the shooting as well as their original statements to police, there was no basis upon which to object to the admission of the statements. In the absence of any evidence of error on the part of Cannon's counsel, we conclude that Cannon's first claim is without merit.
(7) Cannon next claims that his counsel should have asked for an instruction limiting the jury's consideration of the statements to the witnesses' credibility. However, under §3507, an out-of-court statement by a witness is admissible as substantive evidence of guilt.[8] As such, there was no basis upon which to request a limiting instruction and, therefore, no error on the part of Cannon's counsel. Cannon's second claim is, therefore, without merit.
(8) Cannon's third claim of ineffective assistance is that his attorney failed to raise an objection to the witnesses' statements under the Sixth Amendment's Confrontation Clause. However, because Cannon's attorney had the opportunity to cross-examine both witnesses at trial, there was no violation of the Confrontation Clause. Because there was no constitutional basis for objecting to the statements, there was no error on the part of Cannon's counsel for not doing so. Cannon's third claim is, therefore, without merit.
(9) Cannon next claims that his attorney erred by failing to object to Richard Dendy's testimony about what he had heard from "people on the street" as hearsay. Because the identical issue was unsuccessfully raised in Cannon's direct appeal, it is barred in this proceeding as formerly adjudicated.[9]
(10) Cannon's fifth claim is that his attorney provided ineffective assistance by failing to request precautionary instructions regarding the statements under Acosta v. State, 417 A.2d 373, 376-77 (Del. 1980). In Acosta, this Court held that precautionary instructions were required where two sexual assault victims denied at trial that two of four charged offenses had taken place, and where the only evidence of guilt for those two offenses was the victims' out-of-court statements. This Court's ruling in Acosta is not relevant to the situation here. First, it was never disputed that the shooting of Terrence Dendy took place. Second, both Terrence and Richard Dendy testified at length at trial concerning why they had changed their story. Because the highly unusual circumstances of Acosta were not present in Cannon's case, there was no need for precautionary instructions and no error on the part of Cannon's counsel in not requesting such instructions. Cannon's fifth claim is, therefore, without merit.
(11) Cannon's sixth claim is that his attorney erred by not conducting a forensic examination of the crime scene. Again, the circumstances under which the shooting took place were never at issue at trial. The only issue in dispute was the identity of the shooter. Under such circumstances, it is presumed that Cannon's attorney determined not to conduct a forensic examination of the crime scene as a matter of sound trial strategy.[10] In the absence of any evidence rebutting that presumption, we conclude that Cannon's sixth claim also is unavailing.
(12) Cannon's seventh, and final, claim is that his counsel failed to properly subpoena the evidence detection officer as a defense witness to testify that the shell casings found at the scene had not been tested for fingerprints. The record reflects that the officer had been subpoenaed to testify at trial by the State, but had not been subpoenaed by defense counsel. By the time the prosecutor announced that he had decided to call the chief investigating officer to testify instead of the evidence detection officer, the evidence detection officer already had been told he would not be needed and was unavailable. Ultimately, however, defense counsel was able to elicit the testimony he needed from the chief investigating officer. As such, even assuming that counsel's performance was deficient in failing to subpoena the officer, there is no evidence that Cannon suffered any prejudice as a result. In the absence of any evidence of prejudice, we conclude that Cannon's final claim also is without merit.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.[11]
NOTES
[1] Del. Code Ann. tit. 10, §512(b); Super. Ct. Crim. R. 62.
[2] Cannon v. State, Del. Supr., No. 295, 2007, Steele, C.J. (May 6, 2008) (en banc).
[3] To the extent that Cannon has not presented claims in this appeal that were raised previously in the Superior Court, those claims are deemed to be waived and will not be considered in this appeal. Somerville v. State, 703 A.2d 629, 631 (Del. 1997).
[4] Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).
[5] Flamer v. State, 585 A.2d 736, 753 (Del. 1990).
[6] Younger v. State, 580 A.2d 552, 556 (Del. 1990).
[7] Keys v. State, 337 A.2d 18, 22-23 (Del. 1980).
[8] Del. Code Ann. tit. 11, §3507(a).
[9] Super. Ct. Crim. R. 61(i)(4).
[10] Strickland v. Washington, 466 U.S. at 689.
[11] On February 1, 2010, Cannon filed a motion to remand, requesting an evidentiary hearing on the issue of whether he voluntarily waived his right to a jury trial on one of the weapon charges. Cannon's motion for remand is hereby denied as moot. Cannon's motion is without merit in any case. The motion was filed after briefing was completed and the appeal had been submitted for decision. Cannon failed to demonstrate good cause for a remand at that stage of the proceedings.